NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUPERT JUMPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 08-4268 (JLL) |
| | ) |
| T.M. POWER, MS. TOPAL, MS. BLACK | )   OPINION |
| DR. GABRIEL, DR. GINSKY, | ) |
| DR. MCDONALD, DR. KAPCHITS, | ) |
| | ) |
| Defendants. | ) |

For Plaintiff: Rupert Jumpp, pro se

For CMS Defendants: Sean X. Kelly (*Marks, O'Neill, O'Brien & Courtney, PC*)

**LINARES, District Judge.**

This matter comes before the Court on the December 1, 2008 motion to dismiss [CM/ECF #5] filed by Defendants Ms. Topal ("Topal"), Dr. Gabriel ("Gabriel"), Dr. Kapchits ("Kapchits"), and Dr. Godinsky ("Godinsky") (collectively, the "CMS Defendants"). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, CMS Defendants' motion is granted.

## INTRODUCTION

Plaintiff Rupert Jumpp ("Plaintiff" or "Jumpp") is an inmate confined at East Jersey State Prison. (Compl. ¶ 2.) Jumpp suffers from a variety of foot problems. (Id. ¶ 4.) In July of 2006, after his plantar warts returned, Jumpp received medial treatment; unfortunately, his warts

returned within three weeks.  (Id. ¶ 7.)  Jumpp claims that he has sought treatment at East Jersey State Prison's clinic for more than two years since his warts returned, and that he has been prescribed treatments that recur every few months, but that he has not received medical care.  (Id. ¶¶ 8-9.)  He avers that his warts are painful and that they affect his comfort when walking.  (Id. ¶¶ 6, 8, 10.)

Jumpp states that he has consistently sought treatment at the prison clinic every month since January 2007.  (Id. ¶ 12.)  Since January 2007, Jumpp's Complaint indicates that he has filed a medical services form and spoken to Topal, Ms. Black, "Dr. K" (presumably Kapchits), Dr. McDonald, Godinsky, and T.M. Power.  (Id. ¶¶ 14-19.)

Plaintiff filed this Complaint in New Jersey Superior Court on June 20, 2008.  The Complaint includes claims under 42 U.S.C. § 1983 and the New Jersey equivalent thereof, N.J.S.A. § 10:6-1 and 2, for deliberate indifference to his medical needs and infliction of cruel and inhuman punishment.  (Compl. ¶¶ 20-23.)  The matter was subsequently removed to this Court, and on December 1, 2008, the CMS Defendants filed their instant motion to dismiss, or in the alternative, for summary judgment.[1]

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.  Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[2]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

---

[1] This Court finds that, at present, it would not be appropriate to convert CMS Defendants' motion into one for summary judgment under Rule 12(d).

[2] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record.  See Jordan v. Fox, Rothschild,

abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally. Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally"). Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972). With this framework in mind, the Court turns now to Defendants' motion.

**A.  Respondeat Superior**

Topal argues that the Complaint must be dismissed as to her because it alleges no personal involvement by her in any abridgment of Jumpp's rights. (Def. Br. at 6.) Jumpp, in his opposition, maintains that his Complaint states that he spoke to Topal about his condition and

---

O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

that she said that she would assist him, but that assistance was not forthcoming. (Pl. Opp. Br. at 6.)

Generally, § 1983 requires personal involvement for liability to attach in a civil rights claim, and does not admit liability under the theory of respondeat superior except through failure to supervise. Baraka v McGreevey, 481 F.3d 187, 210 (3d Cir. 2007); Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007). Defendants assert that Topal had no personal involvement in any harm suffered by Jumpp, and that her role in his care was limited to addressing co-payment issues. (Def. Br. at 8; Def. Reply Br. at 1.) Jumpp's Complaint, however, states that he had personal contact with Topal, that Topal admitted that Jumpp should have had previous medical care, and that she would take action. (Compl. ¶ 15.) Simply because Topal serves as a supervisor does not eliminate liability for her personal actions in a civil rights claim, and on this motion to dismiss, the Court must accept well-pleaded factual assertions as true. Fed. R. Civ. P. 12(b)(6); Fitzgerald v. Barnstable School Comm., 129 S. Ct. 788, 792 (2009). Topal's motion with regard to her being purely the subject of suit under a theory of respondeat superior does not succeed at this stage, and, therefore, the motion to dismiss is denied with respect to that argument.

**B.      Eighth Amendment Claims**

The Eight Amendment to the United States Constitution states: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII. Contained within the prohibition on "cruel and unusual punishments" is a limitation on deliberate indifference to a prisoner's serious medical needs. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

In order to rise to the level of a Constitutional infringement, however, the plaintiff must demonstrate more than mere medical malpractice. Spruill, 372 F.3d at 235. First, a plaintiff must have a serious medical need: "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979)). Second, the plaintiff must show deliberate indifference under one of several theories: a prison official's knowledge of a need and an intentional refusal to give care; a delay of necessary medical care for non-medical reasons; imposing "arbitrary and burdensome procedures" that have the effect of creating long delays or de facto denial of care; choosing easier treatment that is lower in effectiveness for the prisoner; or conditioning treatment on ability to pay. Monmouth County Corr. Inst. Inmates, 834 F.2d at 346-47.

### 1. Deliberate Indifference

Leaving aside the CMS Defendants' attempts to supplement the record with affidavits and evidence only properly before the Court at summary judgment, their argument concerning the lack of deliberate indifference evinced in the Complaint is that Jumpp never asserted that he was denied medical care for non-medical reasons; that Jumpp does not claim that care was withheld in order to cause him harm; and that Jumpp admits that he received care for his foot problems. (Def. Br. at 11-12.) In opposition, Jumpp does not deny that he was given access to a physician who prescribed treatment; instead, he contends that the prison staff sued in this matter failed to permit "follow-up treatment" because they were annoyed by his persistence in seeking care. (Pl. Opp. Br. at 10.)

After examining the Complaint and the submissions of the parties, it is apparent that although Jumpp did not receive the amount of care he would have preferred, he was not denied care in a manner that rose to the level of "deliberate indifference" as defined by the Third Circuit in <u>Monmouth County Correctional Institution Inmates</u>. 834 F.2d at 346-47. Jumpp pleads no intentional indifference on the part of the CMS Defendants: at worst, he simply claims that they were incapable of carrying out their intentions to provide care. (Compl ¶¶ 10-19.) Similarly, Jumpp does not indicate, nor does his Complaint permit an easy inference of, any non-medical rationale for the insufficient care for his plantar warts. He was also not denied care for inability to pay or because East Jersey State Prison had adopted unduly burdensome procedures having the effect of denying care. Nor was Jumpp provided treatment that was less effective than his prescribed treatment. Instead, Jumpp has pled simple negligence on the part of the prison personnel: they were dilatory in followup treatment and examinations. (Compl. ¶ 19; Pl. Opp. Br. at 10-11.) Delay in medical treatment is not a preferred situation, certainly, but courts have recognized the limitations faced by prisons in providing care to inmates. See <u>West v. Atkins</u>, 487 U.S. 42, 56 n.15 (1988) (recognizing limitations on provision of medical care in correctional institutions). Jumpp having pled no more than mere malpractice, this Court finds that his Complaint is dismissed without prejudice as to the CMS Defendants. <u>Spruill</u>, 372 F.3d at 235.

   **2.**   **Serious Medical Condition**

This Court finds that given its finding on deliberate indifference, it need not address the issue of whether plantar warts are a serious medical condition. The Complaint avers that not only did Jumpp experience chronic pain from his warts, but that he had been diagnosed and prescribed treatment for the warts by a physician. (Compl. ¶¶ 7, 13-18.) Courts that have

6

addressed the issue, however, have been reluctant to find that plantar warts represent a serious medical condition under the Eighth Amendment. Page v. Scott, No. 07-287, 2009 WL 604922, at *6 (D. Nev. Feb. 17, 2009) (finding that plaintiff's ability to walk and play basketball prevented plantar warts from being a serious medical condition); Spiess v. Brennan, No. 87-173, 1987 U.S. Dist. LEXIS 12874, at *3 (M.D. Pa. Dec. 16, 1987) (finding that plaintiff failed to show that plantar warts were serious medical condition in prisoner civil rights claim). This Court, however, refuses to reach the issue of whether Jumpp's plantar warts can suffice for an Eight Amendment claim at this time.

C.   **New Jersey Civil Rights Act Claims**

The CMS Defendants also argue that Jumpp's state law claims do not differ in any way from his federal claims, and that if the federal claims are dismissed, so too must Jumpp's state law claims. (Def. Br. at 14.) Jumpp maintains that his New Jersey Civil Rights Act claims are complementary or alternative to his federal claims, but does not address the issue of whether the two causes of action are congruent. (Pl. Opp. Br. at 13-14.)

Courts in this District have recognized that the Eight Amendment and the parallel paragraph in the New Jersey Constitution have been interpreted to provide congruent relief in the deliberate indifference context. Ross v. Monge, No. 07-2693, 2009 WL 1291814, at *4 n.4 (D.N.J. May 4, 2009); Skinner v. Ashan, No. 04-2380, 2007 WL 1931303, at *3 (June 29, 2007). Having found supra that the Complaint fails to set forth a claim for cruel and unusual punishment under federal law, therefore, Plaintiff's state law claims are also hereby dismissed.

## CONCLUSION

For the reasons heretofore given, the motion to dismiss of the CMS Defendants is

7

granted.  An appropriate Order accompanies this Opinion.


DATED: June 19, 2009                                                             /s/ Jose L. Linares
                                                                                                     United States District Judge